# United States District Court

SOUTHERN DISTRICT OF NEW YORK

LONNIE THOMAS,

Plaintiff,

V.

THE CITY OF NEW YORK, LT. JOHN MCANDREW, Individually and in his Official Capacity, DET. THOMAS SCHICK, Shield No. 5461, Individually and in his Official Capacity, P.O. SEAN CRAIG, Shield No. 26730, Individually and in his Official Capacity, P.O.s "JOHN DOE" #1-10, Individually and in their Official Capacities, (the name John Doe being fictitious, as the true names are presently unknown),

Defendants.

AMENDED
SUMMONS IN A CIVIL CASE

CASE NUMBER: 08CV1054 (LAP)

TO: (Name and address of defendant)

MICHAEL A. CARDOZO; Corporation Counsel of the City of NY; 100 Church Street New York; New York 10007

| LT. JOHN MCANDREW | DET. THOMAS SCHICK | P.O. SEAN CRAIG |
|---|---|---|
| 48th Precinct | Shield No. 5461 | Shield No. 26730 |
| 450 Cross Bronx Exp. | 14 Detective Squad | Patrol Borough Manhattan South |
| Bronx, NY | 357 West 35th Street | 230 East 21st Street |
| | New York, NY 10001 | New York, NY 10011 |

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

JON L. NORINSBERG
225 Broadway, Suite 2700
New York, N.Y. 10007

an answer to the complaint which is herewith served upon you, within ___20___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK

DATE

(BY) DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LONNIE THOMAS,

                                  **AMENDED COMPLAINT**

            Plaintiff,                    **08 CV 1054 (LAP)**

    -against-                          **JURY TRIAL DEMANDED**

                                     **ECF CASE**

THE CITY OF NEW YORK, LT. JOHN MCANDREW, Individually
and in his Official Capacity, DET. THOMAS SCHICK, Shield No.
5461, Individually and in his Official Capacity, P.O. SEAN CRAIG,
Shield No. 26730, Individually and in his Official Capacity,
P.O.s "JOHN DOE" #1-10, Individually and in their Official
Capacities, (the name John Doe being fictitious, as the true names are
presently unknown),

                        Defendants.
------------------------------------------------------------------X

      Plaintiff, LONNIE THOMAS, by his attorney, Jon L. Norinsberg, complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

    1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

    2.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

    3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff is an African-American male and was at all relevant times a resident of the City and State of New York.

7. Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, the City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

9. At all times hereinafter mentioned, the individually named defendants, LT. JOHN MCANDREW, DET. THOMAS SCHICK, P.O. SEAN CRAIG and P.O.s "JOHN DOE" #1-10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

## FACTS

13. On February 4, 2005, at approximately 1:00 p.m., plaintiff LONNIE THOMAS was lawfully inside of an establishment known as "The Winner's Circle", an OTB betting parlor located at 38th Street and Broadway, in the County, City and State of New York.

14. At the aforesaid time and place, three members of the New York City Police Department entered this establishment and approached plaintiff LONNIE THOMAS.

15. Defendants told plaintiff LONNIE THOMAS that he "fit the description" of a perpetrator who had just committed a robbery in the area.

16. Defendants then forcibly removed plaintiff LONNIE THOMAS, and brought him into the back room of the OTB parlor.

17. Plaintiff LONNIE THOMAS repeatedly told the officers that he had been at the OTB location for over an hour, and could not possibly be the perpetrator who they were looking for.

18. Plaintiff LONNIE THOMAS further explained to the defendants that there were multiple witnesses inside of the OTB parlor who could vouch for the fact that he had been at this location for the past.

19. Notwithstanding this, defendant officers refused to interview these potential alibi witnesses, and instead, placed plaintiff LONNIE THOMAS under arrest.

20. Thereafter, defendant officers charged plaintiff LONNIE THOMAS with of committing a robbery earlier that day.

21. In connection with this arrest, defendants filled out false and misleading police reports, and forwarded them to prosecutors in the New York County District Attorney's Office.

22. As a result of this unlawful arrest, plaintiff LONNIE THOMAS spent approximately 24 hours in jail.

23. Thereafter, plaintiff LONNIE THOMAS was required to make multiple court appearances in order to defend himself against the baseless charges which had been brought against him.

24. On August 18, 2005, all charges against plaintiff LONNIE THOMAS were dismissed.

25. As a result of the foregoing, plaintiff LONNIE THOMAS sustained, *inter alia*, loss of liberty, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

26. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "25" with the same force and effect as if fully set forth herein.

27. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

28. All of the aforementioned acts deprived plaintiff LONNIE THOMAS of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

30. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules

of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

31.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

32.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33.    As a result of defendants' aforementioned conduct, plaintiff LONNIE THOMAS was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

34.    As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, emotional distress, embarrassment and humiliation, lost earnings and deprivation of his constitutional rights.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

35.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36.    Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff LONNIE THOMAS.

37.    Defendants lacked probable cause to initiate criminal proceedings against plaintiff LONNIE THOMAS.

38.    Defendants acted with malice in initiating criminal proceedings against plaintiff LONNIE THOMAS.

39. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff LONNIE THOMAS.

40. Defendants lacked probable cause to continue criminal proceedings against plaintiff LONNIE THOMAS.

41. Defendants acted with malice in continuing criminal proceedings against plaintiff LONNIE THOMAS.

42. Notwithstanding the misconduct of defendants, all charges against plaintiff LONNIE THOMAS was dismissed on August 18, 2005.

43. As a result of the foregoing, plaintiff LONNIE THOMAS sustained, *inter alia*, loss of liberty, emotional distress, embarrassment and humiliation, lost earnings and deprivation of his constitutional rights.

## FOURTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C.§ 1983

44. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "43" with the same force and effect as if fully set forth herein.

45. Defendants issued legal process to place plaintiff LONNIE THOMAS under arrest.

46. Defendants arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

47. Defendants acted with intent to do harm to plaintiff LONNIE THOMAS, without excuse or justification.

48. As a result of the foregoing, plaintiff LONNIE THOMAS sustained, *inter alia*, loss of liberty, emotional distress, embarrassment and humiliation, lost earnings and deprivation of his constitutional rights.

## FIFTH CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
## UNDER 42 U.S.C. § 1983

49.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "48" as if the same were more fully set forth at length herein.

50.  Defendants created false evidence against plaintiff LONNIE THOMAS.

51.  Defendants forwarded false evidence and false information to prosecutors in the New York County District Attorney's office.

52.  In creating false evidence against Mr. Thomas, and in forwarding false information to prosecutors, defendants violated Mr. Thomas's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

## SIXTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

53.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "52" as if the same were more fully set forth at length herein.

54.  Defendants arrested and incarcerated plaintiff LONNIE THOMAS in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

55.  The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

56.  The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

57. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

   a) arresting innocent persons notwithstanding marked differences between the description of the alleged perpetrator and the physical characteristics of the person arrested;

   b) arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing;

   c) arresting innocent persons notwithstanding the existence of evidence which raises significant doubts as to the reliability and/or veracity of the complaining witness;

   d) subjecting innocent persons to police line-ups which fail to conform to fundamental standards of due process as recognized by other jurisdictions throughout the United States;

   e) subjecting innocent persons to police line-ups which fail to utilize a random double-blind identification procedure to ensure fundamental due process;

   f) subjecting innocent persons to police line-ups which fail to utilize a sequential and individual identification procedure to ensure fundamental due process; and

   g) subjecting innocent persons to arrest and prosecution based solely on identifications made during police line-ups without any independent evidence of criminal wrongdoing.

58. The existence fo the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

- **Lenny Abreu v. City of New York**, United States District Court, Southern District of New York, 04 CV 01721;

- **Miguel Camacho v. City of New York**, Supreme Court of the State of New York, Bronx County, Index No. 26459/01;

- **Fred Davis v. City of New York**, United States District Court, Southern District of New York, 00 CV 0387;

- **Curtis Djomambo v. City of New York**, United States District Court, Southern District of New York, 03 CV 10314;

- **Eric Guadalupe v. City of New York**, United States District Court, Southern District of New York, 05 CV 9552;

- **Troy Mulrain v. City of New York**, Supreme Court of the State of New York, Bronx County, Index No. 14089/01;

- **Peter Stomer v. City of New York**, United States District Court, Southern District of New York, 00 CV 5514;

- **Long Kin Thong v. City of New York**, United States District Court, Eastern District of New York, 03 CV 6528;

59.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff LONNIE THOMAS.

60.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff LONNIE THOMAS as alleged herein.

61.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff LONNIE THOMAS as alleged herein.

62.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff LONNIE THOMAS was falsely arrested and incarcerated for 24 hours.

63.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff LONNIE THOMAS.

64.     Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff LONNIE THOMAS's constitutional rights.

65.     All of the foregoing acts by defendants deprived plaintiff LONNIE THOMAS of federally protected rights, including, but not limited to, the right:

      A.      Not to be deprived of liberty without due process of law;

      B.      To be free from seizure and arrest not based upon probable cause;

      C.      To be free from unwarranted and malicious criminal prosecution;

      D.      Not to have cruel and unusual punishment imposed upon him; and

      E.      To receive equal protection under the law.

66.    As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of two million dollars ($2,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiff LONNIE THOMAS demands judgment in the sum of two million dollars ($2,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
       May 15, 2008

BY: _____
JON L. NORINSBERG (JN-2133)
Attorney for Plaintiff
225 Broadway, Suite 2700
New York, N.Y. 10007
(212) 791-5396