UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

LONNIE THOMAS,

                                        Plaintiff,          **ANSWER TO**
                                                            **AMENDED COMPLAINT**

                    -against-                               Jury Trial Demanded

                                                            08 Civ. 1054 (LAP)

THE CITY OF NEW YORK, et al.,

                                        Defendants.

------------------------------------------------------------------------- x

   Defendants City of New York, John McAndrew, Thomas Schick and Sean Craig by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully alleges, upon information and belief, as follows:

   1. Deny the allegations set forth in paragraph "1" of the complaint, except admit plaintiff purports to proceed as stated therein.

   2. Deny the allegations set forth in paragraph "2" of the complaint, except admit plaintiff purports to proceed as stated therein.

   3. Deny the allegations set forth in paragraph "3" of the complaint, except admit plaintiff purports to invoke the jurisdiction of the Court as stated therein.

   4. Deny the allegations set forth in paragraph "4" of the complaint, except admit plaintiff purports to base venue as stated therein.

   5. Paragraph "5" contains no averments of fact to which a response is required.

   6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7.    Admit the allegations set forth in paragraph "7" of the complaint.

8.    Defendants state that the allegations in paragraph "8" of the complaint constitute legal conclusions to which no response is required, except defendants respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City of New York and the New York City Police Department.

9.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint as it pertains to unidentified defendants, except admit that John McAndrew, Thomas Schick and Sean Craig were employed by the New York City Police Department.

10.    The allegations set forth in paragraph "10" of the Complaint constitute legal conclusions to which no response is required

11.    Paragraph "11" of the Complaint sets forth conclusions of law rather than averments of fact and accordingly no responses is required.

12.    Paragraph "12" of the Complaint sets forth conclusions of law rather than averments of fact and accordingly no responses is required.

13.    Deny the allegations set forth in paragraph "13 of the complaint.

14.    Deny the allegations set forth in paragraph "14" of the complaint.

15.    Deny the allegations set forth in paragraph "15" of the complaint.

16.    Deny the allegations set forth in paragraph "16" of the complaint.

17.    Deny the allegations set forth in paragraph "17" of the complaint.

18.    Deny the allegations set forth in paragraph "18" of the complaint.

19.    Deny the allegations set forth in paragraph "19" of the complaint.

20.    Deny the allegations set forth in paragraph "20" of the complaint.

21.    Deny the allegations set forth in paragraph "21" of the complaint.

22.    Deny the allegations set forth in paragraph "22" of the complaint.

23.    Deny the allegations set forth in paragraph "23" of the complaint.

24.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25.    Deny the allegations set forth in paragraph "25" of the complaint.

26.    In response to the allegations set forth in paragraph "26" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "25" inclusive of this answer, as if fully set forth herein.

27.    Deny the allegations set forth in paragraph "27" of the complaint.

28.    Deny the allegations set forth in paragraph "28" of the complaint.

29.    Deny the allegations set forth in paragraph "29" of the complaint.

30.    Deny the allegations set forth in paragraph "30" of the complaint.

31.    Deny the allegations set forth in paragraph "31" of the complaint.

32.    In response to the allegations set forth in paragraph "32" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "31" inclusive of this answer, as if fully set forth herein.

33.    Deny the allegations set forth in paragraph "33" of the complaint.

34.    Deny the allegations set forth in paragraph "34" of the complaint.

35.    In response to the allegations set forth in paragraph "35" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "34" inclusive of this answer, as if fully set forth herein.

36.    Deny the allegations set forth in paragraph "36" of the complaint.

37.    Deny the allegations set forth in paragraph "37" of the complaint.

38.    Deny the allegations set forth in paragraph "38" of the complaint.

39.    Deny the allegations set forth in paragraph "39" of the complaint.

40.    Deny the allegations set forth in paragraph "40" of the complaint.

41.    Deny the allegations set forth in paragraph "41" of the complaint.

42.    Deny the allegations set forth in paragraph "42" of the complaint.

43.    Deny the allegations set forth in paragraph "43" of the complaint.

44.    In response to the allegations set forth in paragraph "44" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "43" inclusive of this answer, as is fully set forth herein.

45.    Deny the allegations set forth in paragraph "45" of the complaint.

46.    Deny the allegations set forth in paragraph "46" of the complaint.

47.    Deny the allegations set forth in paragraph "47" of the complaint.

48.    Deny the allegations set forth in paragraph "48" of the complaint.

49.    In response to the allegations set forth in paragraph "49" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "48" inclusive of this answer, as is fully set forth herein.

50.    Deny the allegations set forth in paragraph "50" of the complaint.

51.    Deny the allegations set forth in paragraph "51" of the complaint.

52.    Deny the allegations set forth in paragraph "52" of the complaint.

53.    In response to the allegations set forth in paragraph "53" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "52" inclusive of this answer, as is fully set forth herein.

54.    Deny the allegations set forth in paragraph "54" of the complaint.

55.    Deny the allegations set forth in paragraph "55" of the complaint.

56.    Deny the allegations set forth in paragraph "56" of the complaint.

57.    Deny the allegations set forth in paragraph "57" of the complaint, including all subparts.

58.    Deny the allegations set forth in paragraph "58" of the complaint.

59.    Deny the allegations set forth in paragraph "59" of the complaint.

60.    Deny the allegations set forth in paragraph "60" of the complaint.

61.    Deny the allegations set forth in paragraph "61" of the complaint.

62.    Deny the allegations set forth in paragraph "62" of the complaint.

63.    Deny the allegations set forth in paragraph "63" of the complaint.

64.    Deny the allegations set forth in paragraph "64" of the complaint.

65.    Deny the allegations set forth in paragraph "65" of the complaint, including all subparts.

66.    Deny the allegations set forth in paragraph "66" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

67.    The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

68.    Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

69.    At all times relevant to the acts alleged in the complaint, defendant City of New York acted reasonably in the proper and lawful exercise of its discretion; therefore, it is entitled to state law governmental immunity.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

70.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the defendant.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

71.    Plaintiff has failed, in whole or in part, to comply with New York General Municipal Law § 50-e.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

72.    There was probable cause for plaintiff's arrest, detention and prosecution.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

73.    Plaintiff's claims are barred, in part, by the applicable Statute of Limitations.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

74.    Punitive damages cannot be assessed as against the City of New York.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

75.    The individual defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

**WHEREFORE,** defendants City of New York, John McAndrew, Thomas Schick and Sean Craig request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
           June 9, 2008

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                              City of New York
                              Attorney for defendants City of New York, John
                              McAndrew, Thomas Schick and Sean Craig
                              100 Church Street, Room 3-220
                              New York, New York 10007
                              (212) 442-0832


                    By:      _____/s/_____
                              HUGH A. ZUBER (HZ 4935)
                              Assistant Corporation Counsel

To:    Jon L. Norinsberg, Esq. (by ECF)
       225 Broadway, Suite 2700
       New York, NY 10007